UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD W. HARVEY,

        Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,

        Defendant.

Case No. C09-308-JLR-BAT

**REPORT AND RECOMMENDATION**

Plaintiff Donald Harvey seeks judicial review of the denial of his application for disability insurance benefits by the Commissioner of the Social Security Administration, after a hearing before an administrative law judge ("ALJ"). Dkt. 4.

Harvey contends the ALJ erred in (1) rejecting Dr. Paul Michel's opinions, (2) failing to discuss the statements of plaintiff's wife, and (3) rejecting plaintiff's testimony about his limitations due to back pain and need to lie down during the day. Dkt. 13 at 1.

For the reasons set forth below, the Court recommends the Commissioner's decision be **REVERSED** and **REMANDED** for further proceedings.

**I. FACTUAL AND PROCEDURAL HISTORY**

Harvey is currently 58 years old, has 2 years of college education, and past work experience in 4 different jobs including airline ticket agent. Tr. 140, 142, 161. In July 2005, he applied for disability insurance benefits alleging disability as of June 24, 2001. Tr. 19. His

REPORT AND RECOMMENDATION – 1

application was denied initially and on reconsideration. Tr. 94-96, 102-3. After a hearing conducted on May 6, 2008, the ALJ issued a decision finding Harvey not disabled. Tr. 9-20.

The ALJ applied the five-step sequential evaluation process for determining whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that Harvey had not engaged in substantial gainful activity since his alleged onset date of June 24, 2001 and that Harvey met the insured status requirements through December 31, 2005. Tr. 11.

At step two, the ALJ found Harvey had the following severe impairments: coronary artery disease status post myocardial infarction with catheterization, angiogram and angina, lumbar spondylosis, mild spondylolisthesis, gross facet anthropathy, early cauda quina syndrome, right-sided spinal stenosis and depression. *Id*.

At step three, the ALJ found Harvey's impairments did not met or equal the requirements of a listed impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 15.

The ALJ found that through the date last insured, Harvey had the residual functional capacity to perform light work as follows:

> I find that the claimant retains the residual functional capacity to perform light work, as defined in 20 CFR § 404.1567(c). Despite his cardiac and lumbar conditions, he can occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, stand about six hours in an eight hour work day, walk about six hours in an eight hour work day, and sit about six hours in an eight hour workday. Despite his depression, he retains the ability to understand, remember, and carry out simple and detailed, unskilled and semiskilled tasks.

*Id.*

At step four, the ALJ found Harvey could perform his past work as an airline reservation agent. The ALJ stated "this work does not require the performance of work related activities precluded by the claimant's residual functional capacity." *Id* at 19. Accordingly, the ALJ found

REPORT AND RECOMMENDATION – 2

that Harvey had not been under a disability from June 24, 2001 to the date of the ALJ's decision. *Id*.

The Appeals Council denied review of the ALJ's decision, making it the Commissioner's final decision under 42 U.S.C. § 405(g). Tr. 1-4.

## II. STANDARD OF REVIEW

This Court may set aside the Commissioner's denial of disability benefits when the ALJ's findings are based on legal error or not supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). The ALJ determines credibility and resolves conflicts and ambiguities in the evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## III. DISCUSSION

Harvey argues the ALJ erred in finding he has the residual functional capacity (RFC) to perform his past relevant work as an airline reservations agent. Dkt. 13 at 13. Specifically, Harvey argues the ALJ erred in (1) failing to properly consider Dr. Michel's report, (2) rejecting his testimony about his limitations about sitting and (3) failing to consider his wife's testimony. *Id*. at 13-15.

Harvey's arguments revolve around step four of the sequential evaluation process. Step four consists of three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).[1] First, the ALJ must evaluate claimant's RFC. *Id*. Second, she must determine the physical and mental

---

[1] *See also* SSR 82-62.

REPORT AND RECOMMENDATION – 3

demands of claimant's past relevant work. *Id*. Third, she must evaluate whether claimant has the capacity to perform the job as described in phase two, despite the limitations recognized in phase one. *Id*.

In this case, the ALJ determined Harvey had the RFC to perform light work and is capable of performing his past relevant work as an airline reservation agent. Tr. 19. In making this determination, the ALJ found Harvey had the residual functional capacity to perform light work because "he can occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds, stand about six hours in an eight hour work day, walk about six hours in an eight hour work day, and sit about six hours in an eight hour workday. Despite his depression, he retains the ability to understand, remember, and carry out simple and detailed, unskilled and semiskilled tasks." *Id.*

**A.     The ALJ's consideration of Dr. Michel's report**

Harvey contends the ALJ's RFC finding is not supported by substantial evidence because the ALJ "gave no reasons for rejecting Dr. Michels' reports." Dkt. 13 at 15. The Commissioner agrees the ALJ "did not accept Dr. Michel's opinions entirely, but only to the extent they were consistent with the record as a whole." Dkt. 14 at 6. Dr. Michels, an examining psychiatrist who opined Harvey suffers from "Major Depressive Disorder, Recurrent, Moderate to Severe Without Psychotic Features" stated:

> At present, the claimant's focus and concentration seem moderately impaired. Pace and persistence seem moderately to significantly impaired. Although he may have the intellectual capacity to understand, remember, and follow both complex and simple instructions, his depressive symptoms may create occasional difficulties completing specific tasks in a timely or consistent manner. Interactions with others would likely be moderately impaired. Stress would likely aggravate his depressive symptoms.

Tr. 334.

REPORT AND RECOMMENDATION – 4

Harvey correctly points out the ALJ's finding that Harvey "retains the ability to understand, remember, and carry out simple and detailed, unskilled and semi-skilled tasks" is inconsistent with Dr. Michels' report. Dkt. 13 at 16 (Tr. 15). The ALJ conflates cognitive capacity with the ability to actually perform certain work. Dr. Michels found Harvey has the cognitive capacity to understand and remember but concluded Harvey's depression may create occasional difficulties completing specific tasks in a timely or consistent manner, that interactions with others would likely be moderately impaired, and that stress would likely aggravate his depressive symptoms.

If Dr. Michels' opinion is not contradicted by another physician, the ALJ may reject it only for "clear and convincing reasons." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).

The Commissioner argues the opinions of a medical evaluator for the State Disability Determination Services (DDS) supports the ALJ's findings. The Court disagrees. The DDS evaluator's report stated:

> Clt's [claimant's] "depression has worsened related to his physical problems. He now has chronic pain issues. He has poor sleep, passive SI. Focus and concentration are describes as poor. Affect and mood were depressed. Ox3. Memory was intact. Clt. Performs ADLs. Due to periodic low mood and decreased stress tolerance, the clt. would have difficulty with CPP [concentration, pace and persistence] and attendance at times; however, he would be able to complete simple and complex tasks satisfactorily the majority of the time. He currently has no difficulties with ADLs and is self-directed.

Tr. 359. The opinions of DDS and Dr. Michels are similar. Both indicate Harvey has problems with focus, stress tolerance and concentration, pace and persistence. Both indicate Harvey's functional capacity to perform tasks is impaired; Dr. Michels states Harvey will have occasional difficulties completing tasks in a timely or consistently; the DDS evaluator states Harvey will

REPORT AND RECOMMENDATION – 5

have attendance problems and can complete tasks satisfactorily the majority of the time. Accordingly, the DDS opinions are not clear and convincing reasons to reject Dr. Michel's opinions.

**B.     The AlJ's rejection of Harvey's testimony about sitting and standing**

Harvey also contends the ALJ erred in rejecting his statements that he cannot sit or stand for long periods of time and needs to lie down each day due to back pain. Tr. 171-2.  The ALJ found Harvey's medically determinable impairments could reasonably be expected to produce the symptom's Harvey alleged but concluded Harvey's statements about the intensity, persistence and limiting effects of these symptoms were not credible.  Tr. 16.

Harvey argues the ALJ erred in finding he lacked credibility because he had not received the type of medical treatment one would expect for a disabled person. Dkt. 19 (Tr. 17). Whether this finding is erroneous depends on Harvey's onset date.  If Harvey is contending he was disabled from back pain beginning on June 24, 2001, the alleged onset date, ALJ's findings about lack of treatment are supported.  As Harvey himself acknowledges, he first complained of back pain in 2004. Dkt. 15 at 10.  However, if Harvey is contending he was disabled from back pain beginning in 2004, the ALJ's findings about lack of treatment are not supported as Harvey sought and received considerable treatment for back pain including pain medications, biofeedback, scans, radio frequency neurotomy and surgery beginning in 2004. Tr. 309, 316-319, 362, 468-69, 529, 551-3.

Harvey next contends the ALJ erred in finding Harvey's daily living and social functioning prove Harvey is not as limited as he claims. Dkt. 13 at 20 (Tr 17).  The Court agrees. The ALJ found Harvey can perform his own daily living self-care, and can cook, shop, help with household chores, exercise, go for walks, drive a car, watch television, and visit

REPORT AND RECOMMENDATION – 6

friends. Tr. 17.  The Court finds these activities do not undermine Harvey's credibility.

There is a considerable difference between a person's ability to engage in sporadic physical activities and being able to work full time five days a week.  *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).  Harvey does not claim to be immobile or in wracking pain every second of the day.  When he feels better, he can drive, shop, do housework and socialize.

Harvey's daily activities are like the activities of the claimant in *Vertigan* who went to the grocery store, shopped, walked about an hour, got together with friends, played cards, read, swam, watched television, did physical therapy, and exercised.  *Id*. at 1049-50.  The ALJ in *Vertigan* concluded these activities were inconsistent with the claimant's pain complaints.  This finding was erroneous.  The Court in *Vertigan* reversed concluding these activities did not consume a substantial part of the claimant's day and were not necessarily transferrable to the work setting.  *Id.*  As in *Vertigan*, this Court concludes Harvey's daily activities are not inconsistent with his complaints about pain and his functional limitations.

Harvey also contends the ALJ erred in finding Harvey's work erecting bleachers in 2002 undermines his credibility.  Dkt. 13 at 21.  Erecting bleachers, the ALJ found, is heavy work that exceeds plaintiff's claimed physical limitations.  Tr. 18.  Harvey's capacity to perform heavy work might be relevant if the ALJ had concluded Harvey had the RFC to perform such work.  However, when the ALJ found Harvey could only perform light work, Harvey's past heavy work became irrelevant.  The ALJ also found erecting bleachers, as a self-employed worker, eroded Harvey's credibility as to his mental limitations because "self-employment requires a mental ability to search out jobs, bid for those jobs, plan and carry out the jobs, order supplies, billing and other job requirements necessary to carry on as a business."  *Id.*  This finding is not supported by substantial evidence.  As Harvey testified, this job involved simply installing

REPORT AND RECOMMENDATION – 7

1 bleachers. The other aspects of the work such as searching out jobs, bidding for those jobs,
2 ordering the supplies, and billing, was handled by another company who then paid Harvey to
3 install the bleachers. Tr. 33. Accordingly, the Court concludes that the ALJ did not give clear
4 and convincing reasons to reject Harvey's statements about his mental limitations.

        **C.      The ALJ's failure to consider Harvey's wife's testimony**

        Harvey also argues the ALJ erred by failing to consider his wife Elizabeth's testimony. The Commissioner agrees an ALJ is "required to consider and comment upon competent lay testimony, as it concern[s] how the impairments impact the ability to work." Dkt. 14 at 8. The Commissioner argues the ALJ's failure is harmless because Harvey's statements about his limitations are inconsistent with Elizabeth's descriptions of his limitations; thus even if the ALJ had considered Elizabeth's statements, the ALJ would have reached the same conclusions. *Id.* The Court disagrees. Elizabeth described Harvey's day as follows: "AM meds, eats, may do dishes, feed pets shower, etc. Takes a walk, physical therapy, may run errand such as groceries or post office, takes meds and lies down in the afternoon, dinner, watches TV, evening, meds, retires." Tr. 180. She stated Harvey cannot do the following: "work, sitting or standing for long periods, get through an entire day without rest and meds, yard and home maintenance, RV travel, long drives, moving heavy items." *Id*. Elizabeth's statements are consistent with Harvey's statements about his limitations. Accordingly, the ALJ's failure to mention or consider Elizabeth's statements was prejudicial to a fair consideration of Harvey's case.

        In sum, the record shows the ALJ did not properly assess Harvey's physical and mental limitations and thus did not properly assess their effect on Harvey's RFC.

        **D.      The ALJ's evaluation of Harvey's past work**

        Additionally, not only did the ALJ err in assessing Harvey's limitations, she also failed to

REPORT AND RECOMMENDATION – 8

perform her own evaluation of the functional demands and job duties of Harvey's past relevant work. The ALJ simply took testimony from a vocational expert about the DOT classifications for airline ticket agent and from Harvey about the general nature of his past job.

At the May 6, 2008 hearing, the vocational expert testified Harvey could perform light work as an airline reservation agent. But that opinion assumed Harvey could stand or sit for 6 hours at a time. If Harvey needed a sit/stand option, the vocational expert indicated Harvey could not perform this job. Tr. 81. The vocational expert did not address whether Harvey could work as an airline reservation agent if he had problems with attendance, focus, stress tolerance and concentration, pace and persistence, and occasional difficulties completing tasks timely or consistently. The ALJ should have addressed this since both Dr. Michels and the DDS evaluator opined Harvey has difficulties with depression, managing stress, focus, concentration, persistence and completing tasks in a timely manner. But the record was not developed as to whether Harvey can work as an airline ticket agent given these psychological limitations.

Accordingly, the case should be remanded with direction that the ALJ revaluate the opinions of Dr. Michels, the DDS evaluator, and the statements of Harvey and his wife Elizabeth. Harvey should clarify whether the alleged onset date of his back pain is 2001 or 2004 as this affects consideration of his complaints of back pain. The ALJ should make specific findings regarding the functional demands of the Harvey's past relevant work as an airline ticket agent either as actually performed by him or as generally performed in the economy. The ALJ should explain how Harvey's RFC would allow him to perform his past relevant work. On remand, if appropriate, the ALJ should carefully consider whether Harvey's non-exertional limitations are significant and severe enough to require expert vocational assessment. If the ALJ concludes Harvey is unable to perform any past relevant work, the ALJ should proceed to the

REPORT AND RECOMMENDATION – 9

fifth and final step of the sequential evaluation process.

## V. CONCLUSION

For the foregoing reasons, the Court recommends that this case be **REVERSED** and **REMANDED** for further proceedings consistent with this Report and Recommendation. A proposed order accompanies this Report and Recommendation.

DATED this 11th day of September, 2009.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION – 10